-------------------------------------------------------------------------------------------------

Wilzaylan Brito Solis,                                    No. 5:23-cv-000208-JSM-PRL

Plaintiff,

v.

American Express National Bank; et al.;

Defendants.

---

## DEFENDANT TD BANK USA, N.A.'S
## ANSWERS TO PLAINTIFF'S INTERROGATORIES

---

Pursuant to Rule 33, Defendant TD Bank USA, N.A., for its answers to the Plaintiff's First Set of Interrogatories to Defendant TD Bank USA, N.A. (June 8, 2023), states:

For these answers' purposes—

(a)     "TD" means Defendant TD Bank USA, N.A., and includes its credit-card servicer Target Enterprise, Inc.; and

(b)     "Target" means TD's credit-card servicer Target Enterprise, Inc.

### General Objections

1.     TD objects to the interrogatories because they exceed Rule 33(a)'s limit of "no more than 25 written interrogatories, including all discrete subparts." By TD's count, there are at least 28 interrogatories, counting each discrete subpart.

2. TD objects to each interrogatory to the extent that it seeks information protected by the attorney–client privilege, the work-product doctrine, or any other privilege, protection, or exemption from disclosure.

3. TD objects to each definition or purported instruction to the extent that it requires or purports to require a duty that TD does not otherwise owe. TD will respond only as required by Rule 33 or any other applicable rule or order.

4. TD likewise objects to each definition or purported instruction to the extent that it purports to restate, characterize, qualify, or modify the applicable rules. TD will respond only as required by Rule 33 or any other applicable rule or order.

5. TD objects to the boilerplate definitions of terms that do not appear in the interrogatories.

6. TD objects to all four definitions of "Identify" because each such definition or instruction (a) is an interrogatory (or multiple interrogatories) masquerading as a definition or instruction; (b) stretches the word "identify" too far beyond its ordinary meaning; and (c) seeks information that constitutes not only an interrogatory, but an interrogatory with multiple "discrete subparts." TD will therefore answer any interrogatory using the word "identify," or seeking an identity, identification, or description, with regard to the word's ordinary, usual meaning, without regard to the definition. TD will furnish any other information that those definitions or instructions seek only if a proper interrogatory is served.

7. TD objects to Instruction No. 5 to the extent that it requires or purports to require a duty that differs from what Rule 26(b)(5) requires. TD will instead comply with Rule 26(b)(5).

8. TD objects to Instruction No. 6 to the extent that it requires or purports to require a duty that differs from what Rule 26(e) requires. TD will instead comply with Rule 26(e).

No information has been withheld on the basis of any general objection except as these answers state.

**Answers**

**No. 1**

    *Interrogatory:* Identify all individuals known to You or Your attorney who are witnesses to the events described in Plaintiff's Complaint or to any event which is the subject of any Affirmative Defense You have raised in Your Answer to Plaintiff's Complaint. For each such person, please state the following: (a) Whether each person is affiliated with, related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit; If any of the persons so listed in response to this Interrogatory do not fit the characterization of subpart (a), please describe the nature of their involvement in this lawsuit; and, (b) Provide a summary of facts to which each might or could testify.

    *Answer:* The information that TD is furnishing in these answers is corporate information based on its servicer Target's records. The employee who researched the account for this action is Susan L. Wolf, Target Financial & Retail Services, Mail Stop NCB-0461, Target Northern Campus, 7000 Target Parkway North, Brooklyn Park, MN 55445. Ms. Wolf can be contacted through TD's attorneys.

    Please see also Answer No. 16[c] below.

**No. 2**

    *Interrogatory:* [a] State the factual and legal basis for each affirmative defense raised by You in response to Plaintiff's Complaint, and [b] for each paragraph of Plaintiff's Complaint wherein You deny the allegations contained therein, state the factual and legal basis for such contention and [c] identify each document that supports Your contention.

    *Answer:* TD objects to this interrogatory because it is compound and consists of at least four discrete subparts. TD has designated each subpart with a bracketed lower-case letter, and will respond to each subpart separately.

[a] **First additional defense: No notice of dispute.** A furnisher's duties under 15 U.S.C. § 1681s-2(b) are not triggered until the furnisher has "receiv[ed] notice pursuant to section 1681i(a)(2) of this title [15 U.S.C.] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." Only a consumer reporting agency can give "notice pursuant to [15 U.S.C. § 1681i(a)(2)]." Neither TD nor its credit-card servicer Target received any such notice from Experian with respect to the October 2022 dispute that the complaint alleges in paragraphs 129–36 and 151–59.

**Second additional defense: Reasonable investigation.** The only such notices that TD or Target received were from Equifax and Trans Union in October 2022, in response to which TD and Target acted reasonably and in full compliance with the law. Their investigation into Mr. Solis's disputes was reasonable in light of the information that each consumer reporting agency provided in its notice of dispute.

[b] TD's denials to the second amended complaint's allegations are generally based on the fact that the denied allegations are untrue, and usually on the fact that the opposite is true, or that the allegations proceed from a false premise. For example, paragraph 1's first sentence alleges that "Plaintiff's Complaint arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. by the Defendants." But TD did not violate the Act, and undertook a reasonable investigation into Mr. Solis's disputes, and therefore denies that the complaint is based on a "violation" since no violation occurred as a result of TD's conduct.

The preceding paragraph covers TD's denials of the allegations in paragraphs 1, 6, 48, 121–28, 203–06, 208–10, 212, 219, and 299–303.

¶ 13: The cited statute, 15 U.S.C. § 1692k(d), does not relate to jurisdiction over claims arising under the Fair Credit Reporting Act. The statute relates to jurisdiction over claims under the Fair Debt Collection Practices Act, under which Mr. Solis has made no claim in this action.

¶ 15: The allegations refer to the Southern District of Florida but this action is pending in the U.S. District Court for the Middle District of Florida.

¶ 46: The allegations refer to consumer reporting agencies, not furnishers. TD is a furnisher, not a consumer reporting agency, and engages in none of the activity alleged.

¶¶ 54–55, 57, 61: The order in which the second amended complaint lists the alleged "forms of protection" is inaccurate.

¶ 62: The allegations do not list every possible circumstances in which a consumer reporting agency "may . . . release the consumer's report." For example, an agency may do so pursuant to a court order or subpoena. *See* 15 U.S.C. § 1681b(a)(1).

¶ 70: Metro II codes can be numbers or letters.

¶ 86–89: Mr. Solis never contacted TD directly.

¶¶ 119, 135, 144, 151–53, 155–60: Neither TD nor its credit-card servicer Target received any such notice from Experian with respect to the October 2022 dispute that the complaint alleges in paragraphs 129–36 and 151–59.

[c]    For citations to the documents that establish the facts and reasonableness of TD's investigations into Mr. Solis's disputes, please see Answer Nos. 16[a] and 16[b] below.

## No. 3

*Interrogatory:* Identify all information, and the date and mode, that You Furnished to one or more of the national CRAs regarding the Tradelines at Issue at any point in time.

*Answer:* TD's servicer Target sent a monthly update about Mr. Solis's account to the consumer reporting agencies via an electronic tape. The updates were sent monthly on the 20th. The extracted information that was sent about the account is being produced with these answers to interrogatories.

Target communicates through the e-OSCAR system with each consumer reporting agency that sends notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information that TD has provided to the agency. Please see Answer No. 16 below.

**No. 4**

*Interrogatory:* Did You ever receive or send any written or non-written communication from or to Plaintiff or any other person pertaining to Plaintiff? If so, specifically list and identify each such communication. For non-written communications, state the content of each such communication, whether an audio file of the same exists, and the date of such communication. For written communications, identify the document and the date of receipt or transmission for each document so identified.

*Answer:* Yes. Further information in answer to this interrogatory may be determined from the account records that TD is producing, and the burden of deriving or ascertaining the answer will be substantially the same for either TD or Mr. Solis. Please see also Answer No. 3 above.

**No. 5**

*Interrogatory:* Identify and describe each and every contact or communication you received or sent, at any point in time, which, in any way, referenced Plaintiff and/or the Tradelines at Issue (excluding the communications exchanged with Plaintiff's Counsel since the Complaint was filed). This request would include any e-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, fraud alerts, block notices, block recession waivers, security alerts, phone calls, and other means of communication.

*Answer:* The answer to this interrogatory may be determined from the account records that TD is producing, and the burden of deriving or ascertaining the answer will be substantially the same for either TD or Mr. Solis. Please see also Answer No. 3 above.

**No. 6**

*Interrogatory:* Identify by name as known by You and/or Your employees, agents, operators, and/or contractors and describe all policies and procedures and steps in effect during the preceding five (5) years to the present date with respect to ensuring that You or Your agents or contractors conduct reasonable reinvestigations with respect to disputed accounts or inquiries wherein the dispute alleged the furnished information and/or submitted credit application was the product of fraud and/or identity theft.

*Answer:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that "the preceding five (5) years" goes well beyond any relevant period, including the "Relevant Time Period" identified in the request's own instructions. This action concerns disputes in October 2022, less than eight months before this request was served, (*see* 2d Am. Compl., ¶ 95 at 18; *id.*, ¶ 129 at 24; *id.*, ¶ 161 at 29), so information from five years earlier is not relevant to any Party's claim or defense.

**No. 7**

*Interrogatory:* Provide a detailed description (including any title(s) of all manuals, guides, algorithms, rules, or other document(s) containing such description), of any policies or procedures regarding Furnishing information to one or more national CRAs.

*Answer:* TD objects to this interrogatory because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this interrogatory because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or the alleged dispute.

TD objects to this interrogatory because it seeks confidential and proprietary commercial information.

Subject to and without waiving those objections:

TD's servicer Target's guidelines for credit-reporting disputes are titled "FCRA: Compliance Condition and Special Comment Codes – RO"; "FCRA: Credit Bureau Dispute Reasonable Investigation – FPDR: DR"; "FCRA: Fraud ACDV Process – RO"; and "FCRA: e-OSCAR ACDV and AUD Guide – RO." TD will produce those guidelines subject to an appropriate protective order. The guidelines set a minimum for an investigation, but do not limit other steps that an operator investigating a credit-reporting dispute may take.

**No. 8**

*Interrogatory:* Identify by name as known by You and/or Your employees, agents, operators, and/or contractors and describe in detail every procedure that You employ to assure maximum possible accuracy of the information You Furnish to one or more national CRAs.

*Answer:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence. The requirement of following "procedures to assure maximum possible accuracy" under 15 U.S.C. § 1681e(b) applies only to consumer reporting agencies, not to furnishers. There is not a private right of action for a furnisher's duty to provide accurate information under 15 U.S.C. § 1681s-2(a), so this topic goes beyond the scope of discovery into Mr. Solis's claim under 15 U.S.C. § 1681s-2(b).

**No. 9**

*Interrogatory:* Identify and describe the policies and procedures in effect during the preceding five years and to the present date with respect to verifying the authenticity and accuracy of a credit application before approving the issuance of credit.

*Answer:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence. This action concerns an account opened in November 2014, so information about procedures "during the preceding five years and to the present date" is not relevant.

Subject to and without waiving that objection:

The subject account was opened in person at a Target store on November 25, 2014. When a guest applies in person at a Target store for a credit card, a guest must identify himself or herself. The accepted or required forms of identification have changed from time to time but, at the time when the subject account was opened, the applicable credit-card agreement was provided to the applicant with this notice describing the identity-verification process:

### <u>Notice – Import Information About Procedures for Opening a New Account</u>

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify and record information that identifies each person who opens an account.

What this means for you: When you open an account, we will ask for your name, address, date of birth, telephone number, Social Security number and other information that will allow us to identify you. We may also ask for your driver's license or other identifying documents.

The applicant for the subject account presented a Visa credit card. The applicant's identification matched the information on file for Mr. Solis with Equifax.

**No. 10**

*Interrogatory:* Describe any research, review, or other due diligence You have conducted or currently conduct into the reliability of credit information Furnished by You to one or more national CRAs, including but not limited to Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC.

*Answer:* TD objects to this interrogatory because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this interrogatory because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this interrogatory because it seeks confidential and proprietary commercial information.

**No. 11**

*Interrogatory:* State the number of times over each of the preceding five (5) years that You have received a consumer dispute wherein a consumer alleged that You Furnished information allegedly about them that was otherwise the product of fraud and/or identity theft to one or more of the national CRAs. And of those, identify the number of times that You corrected and/or deleted the disputed information from the information you were Furnishing to one or more of the national CRAs.

*Answer:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that "the preceding five (5) years" goes well beyond any relevant period, including the "Relevant Time Period" identified in the request's own instructions. This action concerns disputes in October 2022, less than eight months before this request was served, (*see* 2d Am. Compl., ¶ 95 at 18; *id.*, ¶ 129 at 24; *id.*, ¶ 161 at 29), so information from five years earlier is not relevant to any Party's claim or defense.

**No. 12**

*Interrogatory:* State the number of times over each of the preceding five (5) years wherein You have corrected and/or deleted and/or suppressed information that was disputed and alleged to be the product of identity theft and/or fraud from Your Metro II data furnished to one or more of the national CRAs.

*Answer:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that "the preceding five (5) years" goes well beyond any relevant period, including the "Relevant Time Period" identified in the request's own instructions. This action concerns disputes in October 2022, less than eight months before this request was served, (*see* 2d Am. Compl., ¶ 95 at 18; *id.*, ¶ 129 at 24; *id.*, ¶ 161 at 29), so information from five years earlier is not relevant to any Party's claim or defense.

**No. 13**

*Interrogatory:* Identify every lawsuit in each of the preceding five (5) years in which You have been sued for an alleged violation of 15 U.S.C. § 1681s-2b that pertained to or was based upon Your actual or alleged Furnishing of information to one or more national CRAs that was disputed and alleged to be the product of identity theft and/or fraud. For each such lawsuit, identify the type of case, the court in which the action was brought, the case number, the name of the Plaintiff's counsel (if any), the co-defendants (if any), the date the case was filed, and the disposition of the case. If the case was settled, state the terms of the settlement.

*Answer:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that "the preceding five (5) years" goes well beyond any relevant period, including the "Relevant Time Period" identified in the request's own instructions. This action concerns disputes in October 2022, less than eight months before this request was served, (*see* 2d Am. Compl., ¶ 95 at 18; *id.*, ¶ 129 at 24; *id.*, ¶ 161 at 29), so information from five years earlier is not relevant to any Party's claim or defense.

**No. 14**

*Interrogatory:* Identify by name, date, and manner of receipt, all pre-suit demands, dispute letters, online disputes, Better Business Bureau complaints, government agency complaints, any state attorney general's office complaints, or similar type disputes/complaints which You have received in each of the preceding five (5) years wherein the allegations included that You Furnished information to one or more national CRAs and/or accessed information from one or more national CRAs that was the product of identity theft and/or fraud.

*Answer:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that "the preceding five (5) years" goes well beyond any relevant period, including the "Relevant Time Period" identified in the request's own instructions. This action concerns disputes in October 2022, less than eight months before this request was served, (*see* 2d Am. Compl., ¶ 95 at 18; *id.,* ¶ 129 at 24; *id.,* ¶ 161 at 29), so information from five years earlier is not relevant to any Party's claim or defense.

**No. 15**

*Interrogatory:* Identify and describe all training given to Your managers, employees, agents, contractors, or representatives, including those located within the domestic United States and abroad, and identify all documents, videotapes, or other written or electronic media pertaining 15 U.S.C. § 1681s-2b of the FCRA.

*Answer:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this request because it seeks confidential and proprietary commercial information.

**No. 16**

*Interrogatory:* [a] Identify and describe the step-by-step actions taken by You in conducting Your reinvestigation of Plaintiff's dispute(s), including every source of information considered by You and [b] identify the date, form, and substantive content of any response or dispute results You tendered to one or more of the national CRAs regarding the Tradelines at Issue. [c] Identify all persons (including all ACDV operators/handlers/agents) who participated in the reinvestigation of the Tradelines at Issue, including any of Your employees, agents, or contractors, and any employees, agents, or contractors of any third party engaged to handle consumer disputes on Your behalf. [d] A complete response will identify whether You received the dispute from a consumer reporting agency or Plaintiff or some other third party.

*Answer:* TD objects to this interrogatory because it is compound and consists of at least four discrete subparts. TD has designated each subpart with a bracketed lower-case letter, and will respond to each subpart separately.

[a]    For each dispute of which TD receives notice from a consumer reporting agency, TD's servicer Target conducts an investigation with respect to the disputed information; reviews all relevant information provided by the consumer reporting agency; and reports the results of the investigation to the consumer reporting agencies that compile and maintain files on consumers on a nationwide basis. For its investigation into each dispute, Target not only reviews all relevant information provided by the consumer reporting agency pursuant to the Fair Credit Reporting Act, but it also reviews the information in its own account file — including, where applicable, prior credit-reporting disputes. The results that Target reports to each consumer reporting agency in response to each notice of dispute are based on, and consistent with, all the information available to Target at the time of its response.

On October 18, 2022, Target processed a dispute (control number 99992291513900024) received through Equifax with regard to the completeness or accuracy of information provided to Equifax by Target on TD's behalf about Mr. Solis's account. The dispute code was 103: "Claims true identity fraud/account fraudulently opened. Provide or confirm complete ID." The response code was 01: "Account information accurate as of date reported." (*See* T116, T170.)

On October 18, 2022, Target processed a dispute (control number 413840370021012) received through TransUnion with regard to the completeness or accuracy of information provided to TransUnion by Target on TD's behalf about Mr. Solis's account. The dispute code was 103: "Claims true identity fraud/account fraudulently opened. Provide or confirm complete ID." TransUnion identified no FCRA-relevant information in its notice of the dispute. The response code was 01: "Account information accurate as of date reported." (*See* T115, T170.)

The operator investigating a dispute does not necessarily note every source that he or she checks, but Target's investigations into the subject disputes note that this information was checked:

| Dispute | Sources Noted |
|---|---|
| October 18, 2022, through Equifax | Account Notes Reviewed<br><br>Payment History<br><br>Returns<br><br>Card Activated |
| October 18, 2022, through TransUnion | Account Notes Reviewed<br><br>Payment History<br><br>Card Activated<br><br>Transaction History<br><br>Returns |

Each investigation concluded the the account was not opened through fraud or identity theft. The following information supported that conclusion:

(1)     The account was opened in person at a Target store and the applicant produced appropriate identification matching the name under which the application was being made. (*See* T001.) Please see Answer No. 9 above.

(2)     Equifax confirmed that the applicant's information substantially matched the information in its records. The only issue that the Equifax check raised was an address variance, which is not uncommon. (*See* T006.)

(3)     TD's servicer Target mailed each monthly billing statement for the subject account to Mr. Solis's address in Hyde Park, Massachusetts. No such monthly statement was returned to the sender as undeliverable.

(4)     The monthly statements that Target mailed to Mr. Solis's address resulted in timely payments on the account. The account never went past due until September 2018, almost four years after it was opened. Such a long history of timely payments is generally inconsistent with identity theft.

(5)     The payments consistently exceeded the minimum due, a pattern generally inconsistent with identity theft:

| Statement | Minimum Payment Due | Payments | Statement Showing Payment |
|---|---|---|---|
| Aug. 2016 (T014) | 25.00 | 200.00 | T016 |
| Sept. 2016 (T016) | 25.00 | 160.16 | T018–19 |
| Oct. 2016 (T018) | 25.00 | 158.97 | T021 |
| Sept. 2017 (T023) | 27.00 | 50.00 | T025–26 |

| | | | |
|---|---|---|---|
| Oct. 2017 (T025) | 27.00 | 50.00 | T027–28 |
| Nov. 2017 (T027) | 27.00 | 40.00 | T029–30 |
| Dec. 2017 (T029) | 27.00 | 41.73 | T031 |
| Feb. 2018 (T033) | 27.00 | 60.00 | T035–36 |
| Mar. 2018 (T035) | 27.00 | 60.00 | T037–38 |
| Apr. 2018 (T037) | 27.00 | 60.00 | T039–40 |
| May 2018 (T039) | 27.00 | 40.00 | T041–42 |
| June 2018 (T041) | 27.00 | 69.18 | T043 |

(6)   The account was sometimes paid in full — again, a pattern generally inconsistent with identity theft:

| Statement | PreviousBalance | Payments | New Balance |
|---|---|---|---|
| Nov. 2016 (T018) | 158.97 | 158.97 | 0.00 |
| Jan. 2018 (T031) | 41.73 | 41.73 | 0.00 |
| July 2018 (T043) | 69.18 | 69.18 | 0.00 |

(7)   The cardholder made in-store purchases for several years in eastern Massachusetts at Target stores within driving distance from Mr. Solis's address. (*See* T061.)

(8)    The evidence of alleged identity theft consisted solely of allegations by Mr. Solis himself, which did not constitute "reasonable cause to believe that the information is inaccurate" within the meaning of 15 U.S.C. § 1681s-2(a)(1)(D).

[b]    Target communicates through the e-OSCAR system with each consumer reporting agency that sends notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information that TD has provided to the agency. Target returned an Automated Consumer Dispute Verification form to Equifax, and an Automated Consumer Dispute Verification form to TransUnion, on October 19, 2022. Further information in answer to this interrogatory may be determined from those forms, an electronic capture of which is being produced with these answers (T194–231).

[c]    The operator who investigated the dispute through Equifax in October 2022 was Cassandra Hanson. Ms. Hanson can be contacted through TD's attorneys.

The operator who investigated the dispute through TransUnion in October 2022 was Tiffany Flowers. Ms. Flowers can be contacted through TD's attorneys.

[d]    TD received each dispute from a consumer reporting agency. Please see Answer 16[a] above.

Neither TD nor Target received any notice from Experian with respect to the October 2022 dispute that the second amended complaint alleges in paragraphs 129–36 and 151–59.

Neither TD nor Target received any dispute directly from Mr. Solis.

**No. 17**

*Interrogatory:* Identify Your director(s), employees(s), or officer(s) who are most familiar with Your policies and procedures for compliance with 15 U.S.C. § 1681s-2b of the FCRA.

*Answer:* TD objects to this interrogatory because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence. If necessary, TD will make a designation under Rule 30(b)(6).

Subject to and without waiving that objection:

TD does not have a single person with primary responsibility for credit reporting or credit-reporting disputes: those responsibilities are shared among several teams both at Target and at TD, each of which works with some aspect or aspects of credit reporting or compliance. TD can designate a knowledgeable witness for a specific topic, if such a topic is described with reasonable particularity.

**No. 18**

*Interrogatory:* [a] Identify each employee or non-employee witness or expert witness You believe may have formed any opinion or consulted with You about the facts or basis of this lawsuit or any defense or allegation You have raised in this lawsuit. [b] For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. [c] Please explain and describe the nature of each such statement by the person so identified. [d] Please identify the lawsuit by the complete caption, court name, case number, and the date the affidavit, deposition, testimony or report was made, taken, recorded, or occurred.

*Answer:* TD objects to this interrogatory because it is compound and consists of at least four discrete subparts. TD has designated each subpart with a bracketed lower-case letter, and will respond to each subpart separately.

[a]    TD objects to this interrogatory to the extent that it seeks information about any "expert witness" because it is premature and because it seeks information protected under the work-product doctrine. TD has not yet decided whom it may call as a witness to present expert testimony at trial. TD will disclose that information when and as required by Rule 26(a)(2), or any other applicable rule or order.

To the extent that this interrogatory seeks information about any "expert witness" who is not expected to be called as a witness at trial, TD objects to the interrogatory because it violates Rule 26(b)(4)(D).

TD objects to this interrogatory because it seeks information protected under the work-product doctrine.

Subject to and without waiving those objections:

TD is currently unaware of anyone through whom it will seek to offer opinon testimony under Federal Rule of Evidence 701.

[b–d] TD objects to these interrogatories because they seek information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to these interrogatories because they are overly broad, and not proportional to the needs of the case, in that they are not limited to Mr. Solis's account or disputes.

Subject to and without waiving those objections:

TD did not identify anyone in answer to subpart [a].

**No. 19**

*Interrogatory:* If You contend that You did not willfully violate the FCRA because its alleged violations resulted from an objectively reasonable interpretation of the FCRA, describe the interpretation and identify the employee(s), agent(s), officer(s), or attorney(s) who made such interpretation.

*Answer:* TD did not violate the Fair Credit Reporting Act at all, willfully or otherwise.

**No. 20**

*Interrogatory:* State Your net worth as of December 31, 2021, and for each year thereafter.

*Answer:* TD objects to this interrogatory because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this interrogatory because it is overly broad, and not proportional to the needs of the case.

Subject to and without waiving those objections:

This information is publicly reported and is available online at the website of the Federal Financial Institutions Examination Council (https://www.ffiec.gov/).

July 10, 2023.

BARNES & THORNBURG LLP

/s/ Brian Melendez

_____
Brian Melendez
Fla. Bar No. 0103559
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

in association with

HILL WARD HENDERSON
Sherilee J. Samuel
Fla. Bar No. 017499
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Ph. 813.221.3900
Fax 813.221.2900
sherilee.samuel@hwhlaw.com

and

Autumn C. Gear
    Minn. License No. 0398236 (admitted
    pro hac vice)
BARNES & THORNBURG LLP
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8719
Fax 612.333.6798
autumn.gear@btlaw.com

Attorneys for Defendant
    TD Bank USA, N.A.

As to answers:

Defendant TD Bank USA, N.A., signs these answers, as Rule 33 provides, by and through its authorized representative whose signature appears below. These answers are based on information available from business records and other documents in TD's or Target's possession, custody, or control, and on the knowledge or information furnished by Target's employees, attorneys, and other agents, and do not necessarily reflect the personal knowledge of the individual who is signing the answers on TD's behalf.

I declare under penalty of perjury that the foregoing answers are true and correct.

July 7, 2023.

TARGET ENTERPRISE, INC. on behalf of TD BANK USA, N.A.

Susan L. Wolf
Senior Manager, Collections & REDcard
Guest Services
Target Financial & Retail Services