-----------------------------------------------------------------------------------------------------

Wilzaylan Brito Solis,                                    No. 5:23-cv-000208-JSM-PRL

                                    Plaintiff,

                    v.

American Express National Bank; et al.;

                                    Defendants.

---

## DEFENDANT TD BANK USA, N.A.'S
## RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

---

Pursuant to Rule 34, Defendant TD Bank USA, N.A., for its response to the Plaintiff's First Set of Production Requests to Defendant TD Bank USA, N.A. (June 8, 2023), states:

For this response's purposes—

(a)    "TD" means Defendant TD Bank USA, N.A., and includes its credit-card servicer Target Enterprise, Inc.;

(b)    "Target" means TD's credit-card servicer Target Enterprise, Inc.; and

(c)    "document" includes electronically stored information.

# General Objections

1.     TD objects to the place and manner of the requested production: "that You produce in ORIGINAL form for the purposes of inspection, copying, and/or testing the documents described below. Such documents are to be produced at the offices of Plaintiff's Counsel . . . ." TD will produce copies of documents or of electronically stored information instead of permitting inspection.

2.     TD objects to each definition or purported instruction to the extent that it requires or purports to require a duty that TD does not otherwise owe. TD will respond only as required by Rule 34 or any other applicable rule or order.

3.     TD likewise objects to each definition or purported instruction to the extent that it purports to restate, characterize, qualify, or modify the applicable rules. TD will respond only as required by Rule 34 or any other applicable rule or order.

4.     TD objects to the boilerplate definitions of terms that do not appear in the request.

5.     TD objects to each definition of "Describe, Specify, Explain, or State" because each such definition is an interrogatory masquerading as a definition. TD will furnish any information that any such definition seeks only if a proper interrogatory is served.

6.     TD objects to all four definitions of "Identify" because each such definition or instruction (a) is an interrogatory (or multiple interrogatories) masquerading as a definition or instruction; (b) stretches the word "identify" too far beyond its ordinary meaning; and (c) seeks information that constitutes not only an interrogatory, but an interrogatory with multiple "discrete subparts." TD will furnish any information that those definitions seek only if a proper interrogatory is served.

7.      TD objects to Instruction No. 1 that "Defendant must answer and verify each Production Requests [sic] . . . ." Rule 34 contains no requirement that a request for production must be "answered" or "verified." TD will respond only as Rule 34 or any other applicable rule or order requires.

8.      TD objects to Instruction No. 2 that "Defendant is required to 'organize and label' documents to correspond to categories in the requests, as provided in Fed. R. Civ. P. 34(b)(2)(E)(i)." The cited rule provides that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them . . . ." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added). TD will produce documents as they are kept in the usual course of business and will not "organize and label."

9.      TD objects to Instruction No. 3 that "the original . . . must be made available for inspection" on the same basis stated in its General Objection No. 1 above. TD will produce copies of documents or of electronically stored information instead of permitting inspection.

10.     TD objects to Instruction No. 4 because it is a threat, not an instruction.

11.     TD objects to Instruction No. 5 because its requirements for labeling are unnecessarily and overly burdensome. TD will label the information that it produces in a way that adequately identifies the information.

12.     TD objects to Instruction No. 6 because it is an interrogatory masquerading as an instruction. TD will furnish the requested information only if a proper interrogatory is served.

13.     TD objects to Instruction No. 7 to the extent that it requires or purports to require a duty that differs from what Rule 34(b)(1)(B)–(C) requires. TD will instead comply with Rule 34(b)(1)(B)–(C).

14.     TD objects to Instruction No. 8 because it purports to require a duty that TD does not otherwise owe. TD will respond only as required by Rule 34 or any other applicable rule or order.

15.    TD objects to Instruction No. 9 to the extent that it requires or purports to require a duty that differs from what Rule 26(b)(5) requires. TD will instead comply with Rule 26(b)(5).

16.    TD objects to Instruction No. 10 to the extent that it requires or purports to require a duty that differs from what Rule 26(e) requires. TD will instead comply with Rule 26(e).

A response that TD will produce copies of the requested documents or electronically stored information does not necessarily mean that TD has any responsive documents or any particular responsive document in its possession, custody, or control. Such a response means only that TD will make or has made a diligent search for responsive documents and has produced or will produce any such document that it finds.

No information has been withheld on the basis of any general objection except as this response states.

## Response

### No. 1

*Category:* Produce all documents identified in, reviewed, or otherwise used in drafting Your answers to Interrogatories propounded by Plaintiff.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

### No. 2

*Category:* Produce all documents identified in, reviewed, or otherwise used in drafting Your answers to Admission Requests propounded by Plaintiff.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 3**

*Category:* Produce all documents identified in, described, reviewed, or otherwise used in drafting Your Initial Disclosures and any supplements thereto in this matter.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 4**

*Category:* Produce all documents relating to or which you contend support any of Your Affirmative Defenses or factual defenses raised by You in this matter.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 5**

*Category:* Produce all expert reports and supplements thereto which have been prepared in connection with this matter.

*Response:* TD objects to this request because it is premature and because it seeks information protected under the work-product doctrine. TD has not yet decided whom it may call as a witness to present expert testimony at trial. TD will disclose that information when and as required by Rule 26(a)(2), or any other applicable rule or order.

**No. 6**

*Category:* Produce all documents You intend to introduce or rely upon at trial.

*Response:* TD objects to this request because it is premature and because it seeks information protected under the work-product doctrine. TD has not yet decided what evidence it expects to offer at trial. TD will disclose that information when and as required by Rule 26(a)(3), or any other applicable rule or order.

**No. 7**

*Category:* Produce copies of any statements or subpoena responses you have taken and/or received from any third party in any way connected to this matter.

*Response:* TD will produce copies of the requested documents or electronically stored information. TD is aware of no responsive document in its possession, custody, or control.

**No. 8**

*Category:* Produce all insurance agreements under which an insurance company may be liable in whole or in part for a judgment in this matter or may be responsible for indemnifying or reimbursing you or any other entity for payments made to satisfy such a judgment.

*Response:* TD is aware of no responsive document in its possession, custody, or control.

**No. 9**

*Category:* Produce all contracts and subscriber agreements, including any addenda to the same, which govern Your relationship with any national CRA to which You furnished or accessed information pertaining to Plaintiff.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

**No. 10**

*Category:* Produce all contracts and employment agreements, including any addenda to the same, which govern Your relationship with all third parties who conduct reinvestigations of consumer disputes pursuant to 15 U.S.C. Section 1681s-2b on Your behalf.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

**No. 11**

*Category:* Produce all contracts and agreements, including any addenda to the same, which govern Your relationship with any and all third parties to whom you sold, assigned, or transferred one or more of the Tradelines at Issue during the Relevant Time Period.

*Response:* TD is aware of no responsive document in its possession, custody, or control.

**No. 12**

*Category:* Produce Plaintiff's complete account file for the Tradelines at Issue as it existed prior to the date upon which Plaintiff filed the Complaint, thirty (30) days after Plaintiff filed the Complaint, sixty (60) days after Plaintiff filed the Complaint, and as it exists as of the date of these Requests.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 13**

*Category:* Produce all documents reflecting a snapshot of Plaintiff's account file for the Tradelines at Issue as it looked in each month in the preceding twenty-four months.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 14**

*Category:* Produce all archived information you maintain regarding Plaintiff and any of Plaintiff's personal identifiers in relation to the Tradelines at Issue.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 15**

*Category:* Produce all documents, information, and screenshots of systems and/or screens that you accessed and reviewed to determine that You furnished an account that was the product of identity theft and/or fraud to Plaintiff's credit file with one or more of the national CRAs, including but not limited to Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC.

*Response:* TD objects to this request because it falsely assumes and implies that TD "determine[d] that [TD] furnished an account that was the product of identity theft and/or fraud." TD's investigations into Mr. Solis's disputes led to no such determination.

Subject to any without waiving that objection:

TD will produce copies of the requested documents or electronically stored information that TD accessed and reviewed to determine *whether* the subject account "was the product of identity theft and/or fraud." A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 16**

*Category:* Produce all documents, information, and screenshots of systems and/or screens which evidence the date and how You first received information from any source indicating that You furnished an account that was the product of identity theft and/or fraud to Plaintiff's credit file with one or more of the national CRAs, including but not limited to Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 17**

*Category:* Produce all consumer reports, consumer disclosures, METRO Tapes, and credit applications that in any way reference the Tradelines at Issue, or the events alleged in the Complaint.

*Response:* TD objects to this request to the extent that it seeks "METRO tapes" because it seeks discovery of electronically stored information that is not reasonably accessible because of undue burden or cost. TD's servicer Target sent a monthly update about the subject account to the consumer reporting agencies. Those updates exist as electronically stored information, but the information is stored on tapes that are not readily searchable by name, account number, or any other criterion that would tie the information to a particular account, so the information cannot be retrieved except at a substantial cost that renders its production unduly burdensome and expensive. The information specific to Mr. Solis's account has been extracted and produced as T235–44. Some information about updates sent to the consumer reporting agencies also appears in the account notes headed "Inquire Account Event Detail" (T1078–100) and the archived notes (T1101–32).

Subject to and without waiving those objections:

Except as to the monthly-update tapes, TD will produce copies of the requested documents or electronically stored information. A copy of some such documents was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023); a supplemental production is being made to Mr. Solis's attorneys with this response.

**No. 18**

*Category:* Produce all Metro 2 data Furnished by You regarding one or more of the Tradelines at Issue during the previous five (5) years to one or more of the national CRAs, including but not limited to Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of some such documents was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023); a supplemental production is being made to Mr. Solis's attorneys with this response.

**No. 19**

*Category:* Produce all records that You furnished data relating to the Tradelines at Issue within the previous five (5) years, including the information that was furnished, the date the information was furnished, the name and address of the Party/Entity who received the information, and the purpose for which the information was furnished. To the extent any of these documents use codes, Your response should include documents sufficient to understand the meaning of those codes.

*Response:* TD objects to this request because it is an interrogatory masquerading as a request for production. TD will furnish the requested information only if a proper interrogatory is served.

TD objects to this request because it is vague and ambiguous in its first sentence's phrasing, since the meaning of "records that You furnished data" is unclear.

Subject to and without waiving those objections:

TD is aware of no responsive document in its possession, custody, or control that includes all the information that this category seeks.

**No. 20**

*Category:* Produce all documents constituting Your entire account file for each of the Tradelines at Issue and dispute investigation file(s) of the same, including CDVs, ACDVs, "Carbon Copies" of CDVs or ACDVs sent to/from other CRAs, UDFs, AUDFs, AUDs, Credit Reporting or Collection Notes, Investigation Notes and Reports, Notices of Modification or Deletion, Block Notices, Block Recession Waivers, Notices of data suppression or "cloaking" of disputed tradelines, records of communications, account documents, telephone investigation logs, disclosure logs, dispute response logs, transaction logs, notices of adverse action, and dispute and/or investigation responses pursuant to 15 U.S.C. Section 1681s-2b.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 21**

*Category:* Produce all documents comprising or showing the information You disclosed or provided to any consumer reporting agencies regarding Plaintiff and the Tradelines at Issue at any point in time.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 22**

*Category:* Produce any other documents prepared, sent, or received by You while conducting any reinvestigation regarding Plaintiff's dispute(s).

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 23**

*Category:* Produce all documents regarding Your verification of the authenticity and accuracy of the information contained in any account applications You received containing Plaintiff's personal identifiers for the Tradelines at Issue at any point in time.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 24**

*Category:* Produce all documents regarding Your investigation of Plaintiff's allegations that Your reporting of the Tradelines at Issue was inaccurate.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 25**

*Category:* Produce all documents regarding Your investigation of Plaintiff's allegations that the Tradelines at Issue were the product of fraud and/or identity theft.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 26**

*Category:* Produce all documents in which Plaintiff authorized You to obtain his/her credit report for a permissible purpose under the Fair Credit Reporting Act for the Tradelines at Issue at any point in time.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence. This action concerns credit reporting, not unauthorized access to a consumer report.

Subject to and without waiving that objection:

TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 27**

*Category:* Produce all documents bearing credit scoring assessments in connection with any report or data bearing Plaintiff's name and/or personal identifiers.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 28**

*Category:* Produce all documents that describe any databases you maintain that contain information related to the Tradelines at Issue, including but not limited to manuals, guides, flowcharts, data dictionaries, technical descriptions, and any other documents that describe and/or identifies the sources of information that is populated into the database(s), how the database(s) generates information to be furnished to one or more national CRAs, how data can be exported from the database(s), and the methods by which the database(s) can be queried.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

**No. 29**

*Category:* Produce all documents which provide explanations and descriptions about the various coded or encrypted data appearing on any of the documents produced in this case.

*Response:* A key to the status codes used in the account notes appears in the notes. (*See* T107.) While Target's other records may include abbreviations or codes used by some employees, most such employees use their own system, not a standard system. The abbreviations or codes may therefore vary from employee to employee. Target will help interpret any such abbreviation or code upon request if the request specifies the particular entries whose meaning is unclear.

**No. 30**

*Category:* Produce all communications and records of communications between You and Plaintiff, including all documents, audio files and/or recordings, transcripts of audio files and/or recordings, consumer contact history, telephone and/or call logs, disclosure logs, dispute response logs, notes referencing and/or documenting those communications, fraud alert requests and responses thereto, fraud block requests and responses thereto, disclosures, notifications, letters, emails, alerts, text messages, and chat messages.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 31**

*Category:* Produce all communications and records of communications between You and any person purporting to be Plaintiff, including all documents, audio files and/or recordings, transcripts of audio files and/or recordings, consumer contact history, telephone and/or call logs, disclosure logs, dispute response logs, notes referencing and/or documenting those communications, fraud alert requests and responses thereto, fraud block requests and responses thereto, disclosures, notifications, letters, emails, alerts, text messages, and chat messages.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 32**

*Category:* Produce all communications and records of communications You sent to or received from anyone at any address relating to the Tradelines at Issue at any point in time. A complete response will identify each address related to these communications.

*Response:* TD objects to this category's second sentence, "A complete response will identify each address related to these communications," because the responsive documents in TD's possessiion, custody, or control may not identify each address, in which case TD's response is complete without that information.

Subject to and without waiving that objection:

TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 33**

*Category:* Produce all communications and records of communications or attempted communications You had with anyone at any phone number relating to the Tradelines at Issue at any point in time. A complete response will identify each phone number related to these communications.

*Response:* TD objects to this category's second sentence, "A complete response will identify each phone number related to these communications," because the responsive documents in TD's possessiion, custody, or control may not identify each address, in which case TD's response is complete without that information.

Subject to and without waiving that objection:

TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 34**

*Category:* Produce all communications and records of communications between You and any national CRA to which You furnished one or more of the Tradelines at Issue at any point in time.

*Response:* TD objects to this request because, as phrased, it is not limited to "communications" about Mr. Solis's account or disputes, and includes all "communicatons" of any kind at any time about any consumer. If so read, the request is overly broad and seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving that objection:

TD will produce copies of the requested documents or electronically stored information with respect only to Mr. Solis's account and disputes. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 35**

*Category:* Produce all communications and records of communications between You and any third-party with whom you communicated regarding Plaintiff, Plaintiff's identifiers, the Tradelines at Issue, and/or Plaintiff's disputes at any point during the previous five (5) years.

*Response:* TD will produce copies of the requested documents or electronically stored information. A copy of each such document was produced to Mr. Solis's attorneys with Defendant TD Bank USA, N.A.'s Initial Disclosure (June 26, 2023).

**No. 36**

*Category:* Produce your current set of policies and procedures, in whatever format they currently exist, for compliance with 15 U.S.C. Section 1681s-2b of the FCRA.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or the alleged dispute.

TD objects to this request because it seeks confidential and proprietary commercial information.

Subject to and without waiving those objections:

TD's servicer Target's guidelines for credit-reporting disputes are titled "FCRA: Compliance Condition and Special Comment Codes – RO"; "FCRA: Credit Bureau Dispute Reasonable Investigation – FPDR: DR"; "FCRA: Fraud ACDV Process – RO"; and "FCRA: e-OSCAR ACDV and AUD Guide – RO." TD will produce those guidelines subject to an appropriate protective order. The guidelines set a minimum for an investigation, but do not limit other steps that an operator investigating a credit-reporting dispute may take.

**No. 37**

*Category:* Produce all policies and procedures that establish the circumstances when You must modify, delete or permanently block the reporting of an item of information from the information You Furnish to one or more national CRAs.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or the alleged dispute.

TD objects to this request because it seeks confidential and proprietary commercial information.

Subject to and without waiving those objections:

TD's servicer Target's guidelines for credit-reporting disputes are titled "FCRA: Compliance Condition and Special Comment Codes – RO"; "FCRA: Credit Bureau Dispute Reasonable Investigation – FPDR: DR"; "FCRA: Fraud ACDV Process – RO"; and "FCRA: e-OSCAR ACDV and AUD Guide – RO." TD will produce those guidelines subject to an appropriate protective order. The guidelines set a minimum for an investigation, but do not limit other steps that an operator investigating a credit-reporting dispute may take.

**No. 38**

*Category:* Produce all policies and procedures that establish the actions that must be taken after an item of information disputed by a consumer is found to be inaccurate or incomplete or unverifiable.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or the alleged dispute.

TD objects to this request because it seeks confidential and proprietary commercial information.

Subject to and without waiving those objections:

TD's servicer Target's guidelines for credit-reporting disputes are titled "FCRA: Compliance Condition and Special Comment Codes – RO"; "FCRA: Credit Bureau Dispute Reasonable Investigation – FPDR: DR"; "FCRA: Fraud ACDV Process – RO"; and "FCRA: e-OSCAR ACDV and AUD Guide – RO." TD will produce those guidelines subject to an appropriate protective order. The guidelines set a minimum for an investigation, but do not limit other steps that an operator investigating a credit-reporting dispute may take.

**No. 39**

*Category:* Produce all policies and procedures that establish the actions that You must take after You receive information that one or more of a consumer's accounts and/or inquiries are the product of fraud and/or identity theft.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or the alleged dispute.

TD objects to this request because it seeks confidential and proprietary commercial information.

Subject to and without waiving those objections:

TD's servicer Target's guidelines for credit-reporting disputes are titled "FCRA: Compliance Condition and Special Comment Codes – RO"; "FCRA: Credit Bureau Dispute Reasonable Investigation – FPDR: DR"; "FCRA: Fraud ACDV Process – RO"; and "FCRA: e-OSCAR ACDV and AUD Guide – RO." TD will produce those guidelines subject to an appropriate protective order. The guidelines set a minimum for an investigation, but do not limit other steps that an operator investigating a credit-reporting dispute may take.

**No. 40**

*Category:* Produce Your Identity Theft Prevention program implemented in compliance with 16 C.F.R. Section 681.1(d).

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence. There is not a private right of action for a furnisher's duty to maintain such a program, so this topic goes beyond the scope of discovery into Mr. Solis's claim under 15 U.S.C. § 1681s-2(b).

**No. 41**

*Category:* Produce all flow charts, organization charts, or other documents sufficient to convey the identities of the personnel responsible for training, compliance, and policy-setting with respect to compliance with 15 U.S.C. Section 1681s-2b of the FCRA.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

**No. 42**

*Category:* Produce all documents detailing any changes made to Your policies and/or procedures for compliance with 15 U.S.C. Section 1681s-2b of the FCRA during the preceding five (5) years.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that "the preceding five (5) years" goes well beyond any relevant period, including the "Relevant Time Period" identified in the request's own instructions. This action concerns disputes in October 2022, less than eight months before this request was served, (*see* 2d Am. Compl., ¶ 95 at 18; *id.*, ¶ 129 at 24; *id.*, ¶ 161 at 29), so information from five years earlier is not relevant to any Party's claim or defense.

**No. 43**

*Category:* Produce all documents and/or manuals used in connection with the training or instruction of any of your employees and/or agents regarding consumer disputes and reinvestigations with respect to compliance with 15 U.S.C. Section 1681s-2b.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this request because it seeks confidential and proprietary commercial information.

**No. 44**

*Category:* Produce all documents and/or manuals You received from one or more national CRAs communicating Your obligations owed with respect to compliance with 15 U.S.C. Section 1681s-2b.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

## No. 45

*Category:* For each fact witness or expert witness you believe may have knowledge of any of the facts, or matters that are alleged in Plaintiff's Complaint, Your Answer, Anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with You about the facts or basis of this lawsuit or any defense or allegation You have raised in this lawsuit, produce a copy of any affidavit, deposition transcript or video, or report which contains the testimony or opinion(s) of each such witness and which has been previously furnished to the Court or opposing counsel in such a case.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

## No. 46

*Category:* Produce any e-Oscar report card, scorecard, or other documentation tracking You or Your contractors that perform consumer credit reporting disputes on Your behalf with respect to the processing of disputes receiving from You, Your agents, or Your contractors during any and all months during the Relevant Time Period.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this request because it seeks confidential and proprietary commercial information.

**No. 47**

*Category:* Produce all pre-suit demands, dispute letters, online disputes, Better Business Bureau complaints, government agency complaints, or the like which you have received in each of the preceding five (5) years, which alleged that You failed to conduct a reasonable reinvestigation in response to a consumer's dispute alleging fraud and/or identity theft.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that "the preceding five (5) years" goes well beyond any relevant period, including the "Relevant Time Period" identified in the request's own instructions. This action concerns disputes in October 2022, less than eight months before this request was served, (*see* 2d Am. Compl., ¶ 95 at 18; *id.*, ¶ 129 at 24; *id.*, ¶ 161 at 29), so information from five years earlier is not relevant to any Party's claim or defense.

**No. 48**

*Category:* Produce all versions of the CDIA Credit Reporting Resource Guide for the preceding two (2) years.

*Response:* TD objects to this request because the Consumer Data Industry Association strictly limits the conditions under which TD has access to the *Credit Reporting Resource Guide*, and TD is contractually obligated not to share the *Guide* without the Consumer Data Industry Association's consent.

**No. 49**

*Category:* Produce copies of Your annual reports and financial statements for the five (5) years ending preceding the filing of Plaintiff's Complaint.

*Response:* TD objects to this request because it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that it is not limited to Mr. Solis's account or disputes.

TD objects to this request because it is overly broad, and not proportional to the needs of the case, in that "the preceding five (5) years" goes well beyond any relevant period, including the "Relevant Time Period" identified in the request's own instructions. This action concerns disputes in October 2022, less than eight months before this request was served, (*see* 2d Am. Compl., ¶ 95 at 18; *id.*, ¶ 129 at 24; *id.*, ¶ 161 at 29), so information from five years earlier is not relevant to any Party's claim or defense.

Subject to and without waiving those objections:

This information is publicly reported and is available online at the website of the Federal Financial Institutions Examination Council (https://www.ffiec.gov/).

July 10, 2023.

BARNES & THORNBURG LLP

/s/ Brian Melendez

_____

Brian Melendez
Fla. Bar No. 0103559
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

in association with

HILL WARD HENDERSON
Sherilee J. Samuel
Fla. Bar No. 017499
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Ph. 813.221.3900
Fax 813.221.2900
sherilee.samuel@hwhlaw.com

and

Autumn C. Gear
    Minn. License No. 0398236 (admitted
    pro hac vice)
BARNES & THORNBURG LLP
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8719
Fax 612.333.6798
autumn.gear@btlaw.com

Attorneys for Defendant
    TD Bank USA, N.A.