**Santiago J. Teran | Attorney**
D: (305) 433-3252
E: steran@consumerattorneys.com

**VIA PROCESS SERVER**
Target Financial & Retail Services
Mail Stop NCB-0461
Target Northern Campus
7000 Target Parkway North
Brooklyn Park, MN 55445

RE: *Brito Solis, Wilzaylan v. American Express National Bank et al.*
5:23-cv-00208-JSM-PRL; District of Florida

September 22, 2023

To Whom It May Concern,

    This firm represents Plaintiff Wilzaylan Brito Solis in the above-referenced litigation. We are hereby serving you with a subpoena to appear to testify at a deposition.

    Attached hereto please find a Federal Subpoena to Testify at a Deposition in a Civil Action and Deposition Notice for **October 11, 2023 at 9:30 a.m. EST** and <u>witness fee in the amount of $40.00</u> as required by the Rules of Court. Please be advised that you must produce a corporate designee of your Company who is able to testify regarding the subject matters contained in the Attachment A.

    We have identified a location in Roseville, Minnesota, in compliance with Fed. R. Civ. P. 45. However, given the COVID 19 national emergency, we propose to take the deposition at a location, date and time which is convenient to your witness completely by videoconference. This can be from their own home or office with a computer that can run Zoom and a stable internet connection.

    In the event the witness is required to travel to the location identified in the subpoena or at an alternative location, we request that upon receipt of these subpoenas you contact me or our office so that we may discuss the appropriate arrangements, including calculating the mileage and

payment due in accordance with the Federal Rules of Civil Procedure and 28 U.S. Code § 1821. Please keep in mind, we have a very short window in which to make arrangements and to complete the deposition.

If you anticipate a problem complying with the enclosed subpoena or if you have any questions regarding the requirements for compliance by your Company, please contact us at steran@consumerattorneys.com

    Very truly yours,

    Santiago Teran
    CONSUMER ATTORNEYS
    2125 Biscayne Blvd. Ste 206
    Miami, FL 33137
    Telephone: (305) 433-3252
    Fax: (718) 715-1750
    Email: steran@consumerattorneys.com

Cc: sallsopp@consumerattorneys.com

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | |
|---|---|---|
| Wilzaylan Brito Solis | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:23-cv-00208-JSM-PRL |
| American Express National Bank, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Target Financial & Retail Services

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Via Zoom Video Conference or<br>1781 County Rd B West<br>Roseville, MN 55113 | Date and Time: 10/11/2023 at 9:30 a.m. EST |
|---|---|

The deposition will be recorded by this method: video, audio and/or stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/21/2023

CLERK OF COURT
OR

_____          /s/ Santiago J. Teran
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
Wilzaylan Brito Solis , who issues or requests this subpoena, are:

Santiago J. Teran; Consumer Attorneys; 2125 Biscayne Blvd, Suite 206, Miami, FL 33137; T: 305-433-3252; E; steran@consumerattorneys.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:23-cv-00208-JSM-PRL

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[ Print ]  [ Save As... ]  [ Add Attachment ]  [ Reset ]

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| | |
|---|---|
| WILZAYLAN BRITO SOLIS,<br><br>　　　　Plaintiff,<br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK; CAPITAL ONE, N.A.; CITIBANK, N.A.; DISCOVER BANK.; LVNV FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; RESURGENT CAPITAL SERVICES, L.P.; SYNCHRONY BANK; TD BANK USA, N.A.; UPLIFT INC., EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; CREDIT CONTROL, LLC; RADIUS GLOBAL SOLUTIONS LLC; SOURCE RECEIVABLES MANAGEMENT, LLC,<br><br>　　　　Defendants. | Case No. 5:23-cv-00208-JSM-PRL<br><br>**ATTACHMENT A**<br>**30(b)(6) NOTICE OF DEPOSITION OF TARGET FINANCIAL & RETAIL SERVICES**<br><br>Date: October 11, 2023<br>Time: 9:30 a.m. EST<br>Location: *Conducted by Zoom video conference* |

　　　　PLEASE TAKE NOTICE, pursuant to Fed. R. Civ. P. 30(b)(6), that Plaintiff(s), through their undersigned attorney of record, will take deposition and oral examination of the corporate designee of Target Financial & Retail Services ("Target") on **October 11, 2023 at 9:30 a.m. EST conducted by Zoom video**. The parties may mutually agree to change the date and time of the deposition. Due to

COVID-19, depositions will be performed by Zoom video conference from the safety and comfort of our individual homes or offices. This deposition will be taken before a notary public or other officer authorized to administer oaths and will be recorded by Zoom video, audio and/or stenographically by a certified court reporter. Because the deposition will take place remotely via Zoom, the court reporter may not be located in the same state as the deponent. The deposition will continue from day to day thereafter, except for Saturdays, Sundays, and State and Federal holidays, at the same place beginning at the same time, until completed. If an interpreter is requested to translate testimony, notice of the same must be given at least five (5) working days before the deposition date, and the specific language and/or dialect of thereof designated.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Target Financial & Retail Services must designate one or more persons to testify on its behalf and set forth, for each person designated, the matters on which the person will testify. The persons so designated shall testify to the following areas:

1. The allegations made in Plaintiff's Complaint in this litigation concerning Plaintiff's disputes regarding credit reporting by TD Bank USA, N.A. ("TDB") and, TDB's furnishing of consumer credit information concerning Plaintiff to Equifax, Experian, and/or Trans Union (the "National CRAs") during the Relevant Time Period;

2. TDB's Answer, Responses to Plaintiff's Interrogatories, Requests for Admission, and Requests for Production, including any supplementation or amendments thereto and the underlying documents;

3. TDB and Target's policies, procedures, processes, and employee training materials in effect during the Relevant Time Period concerning reinvestigation of consumer disputes following notice of a dispute from one or more of the National CRAs;

4. TDB and Target's policies, procedures, processes, and employee training materials in effect during the Relevant Time Period intended to ensure compliance with the sections of the Fair Credit Reporting Act at issue in the immediate litigation, namely, 15 U.S.C. § 1681s-2(b);

5. TDB and Target's policies, procedures, processes, and employee training materials in effect during the Relevant Time Period concerning identity theft;

6. All facts associated with the information contained in the TD Bank tradeline at issue in the immediate litigation;

7. All consumer identification; account application; and payment history information concerning the TDB Account;

8. TDB and Target's communications with the National CRAs concerning Plaintiff, Plaintiff's credit file, Plaintiff's consumer reports, Plaintiff's dispute(s),

and/or the TD Bank Account during the Relevant Time Period;

9. TDB and Target communications concerning Plaintiff, Plaintiff's dispute(s), and/or the TD Bank Account during the Relevant Time Period;

10. All information that Target received with any dispute tendered by the National CRAs in relation to Plaintiff;

11. All information that TDB furnished concerning the TD Bank Account to the National CRAs;

12. Plaintiff's dispute(s) to the National CRAs during the Relevant Time Period and TDB and Target's investigation(s) and response(s) to the same;

13. Any updates, changes, or modifications Target made to the TD Bank Account following receipt of any of Plaintiff's dispute(s);

14. Any information Target reviewed and/or considered in determining whether or not to update, change, or modify reporting of the TD Bank Account;

15. The contents of the subscriber agreement between TDB and Target and each of the National CRAs under which TDB and/or Target furnished information concerning the TD Bank Account to the National CRAs;

16. The contents of the servicer agreement between TDB and Target under which Target serviced the TD Bank Account, furnished information concerning the TD Bank Account to the National CRAs, and investigated Plaintiff's disputes concerning the TD Bank Account;

17. All documents produced and/or disclosed by First Tech in the immediate litigation.

Plaintiff states that she is not seeking testimony regarding information covered by attorney-client privilege.

Plaintiff reserves the right to supplement these Rule 30(b)(6) deposition topics at any time.

| | |
|---|---|
| Dated: September 22, 2023. | **CONSUMER ATTORNEYS** |
| | */s/ Santiago J Teran* <br> Santiago J Teran <br> FL Bar No. 1018985 <br> Consumer Attorneys <br> steran@consumerattorneys.com <br> 2125 Biscayne Blvd., Ste 206 <br> Miami, FL 33137 <br> Direct: (305) 433-3252 <br> Facsimile: (718) 715-1750 |
| | Consumer Attorneys <br> 8245 N. 85th Way <br> Scottsdale, AZ 85258 |
| | *Attorney for Plaintiff* <br> *Wilzaylan Brito Solis* |

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

| | |
|---|---|
| WILZAYLAN BRITO SOLIS, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS NATIONAL BANK; CAPITAL ONE, N.A.; CITIBANK, N.A.; DISCOVER BANK.; LVNV FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; RESURGENT CAPITAL SERVICES, L.P.; SYNCHRONY BANK; TD BANK USA, N.A.; UPLIFT INC., EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; CREDIT CONTROL, LLC; RADIUS GLOBAL SOLUTIONS LLC; SOURCE RECEIVABLES MANAGEMENT, LLC, <br><br> Defendants. | Case No. 5:23-cv-00208-JSM-PRL <br><br> **30(b)(6) NOTICE OF DEPOSITION OF TARGET FINANCIAL & RETAIL SERVICES** <br><br> **Date: October 11, 2023** <br> **Time: 9:30 a.m. EST** <br> **Location:** *Conducted by Zoom video conference* |

Topic: [DEPO] Brito Solis v. TD Bank-Target Depo
Time: Oct 11, 2023 09:30 AM Eastern Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/81711294749

Meeting ID: 817 1129 4749

---

One tap mobile
+12532158782,,81711294749# US (Tacoma)
+13462487799,,81711294749# US (Houston)

---

Dial by your location
• +1 253 215 8782 US (Tacoma)
• +1 346 248 7799 US (Houston)
• +1 669 444 9171 US
• +1 669 900 6833 US (San Jose)
• +1 719 359 4580 US
• +1 253 205 0468 US
• +1 360 209 5623 US
• +1 386 347 5053 US
• +1 507 473 4847 US
• +1 564 217 2000 US
• +1 646 931 3860 US
• +1 689 278 1000 US
• +1 929 436 2866 US (New York)
• +1 301 715 8592 US (Washington DC)
• +1 305 224 1968 US
• +1 309 205 3325 US
• +1 312 626 6799 US (Chicago)

Meeting ID: 817 1129 4749

Find your local number: https://us02web.zoom.us/u/kcBu54d0v9