Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.333.2111
www.btlaw.com

**BARNES & THORNBURG** LLP

**Brian Melendez**
**612.367.8734**
**brian.melendez@btlaw.com**

9 October 2023

Mr. Santiago J Teran
Consumer Attorneys

BY EMAIL TO steran@consumerattorneys.com
ORIGINAL DOES NOT FOLLOW

Re:  Solis v. Am. Express Nat'l Bank, No. 5:23-cv-00208-JSM-PRL (M.D. Fla.)
     Barnes File No. 272

Dear Santiago:

      Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), my clients Target Enterprise, Inc. (named as "Target Financial & Retail Services"), and TD Bank USA, N.A., object to the production of documents requested in the Notice of Intent to Serve Subpoena Duces Tecum with Deposition (Sept. 22, 2023), on these grounds:

      1.    "Target Financial & Retail Services" is the former name of an operating division that services Target-branded credit cards issued by Defendant TD Bank USA, N.A. The operation division is now known as Target Enterprise Services. The servicer's legal name is Target Enterprise Services, Inc.

      2.    You do not appear to have served an actual subpoena commanding the production of documents. The only formal notice that my clients and I have received is an email from Susan Allsopp on September 22, 2023, which attaches a Notice of Intent to Serve Subpoena Duces Tecum with Deposition, a cover letter from you, and a Subpoena to Testify at a Deposition in a Civil Action with an Attachment A titled "30(b)(6) Notice of Deposition of Target Financial & Retail Services."

      The Notice of Intent says that "[t]he documents subpoenaed are identified in Exhibit A hereto. are no documents requested [*sic*]." The Notice of Intent does not include an Exhibit A, although there are two pages following the Notice of Intent's signature block that appear to be an unnumbered list of categories of documents.

      The cover letter and Subpoena refer only to a deposition, and do not mention production of documents. The Subpoena itself leaves unchecked the box that would indicate a command for production:

> The deposition will be recorded by this method: video, audio and/or stenographic
>
> ❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

3. My clients are unaware if a subpoena has actually been served. The only indication of service that we have received is your statement in an email to me on Tuesday the 3rd that "the process server proceeded with service despite our request to wait until we heard back from you."

4. The request for documents largely duplicates the categories in the Plaintiff's First Set of Production Requests to Defendant TD Bank USA, N.A. (June 8, 2023), to which TD fully responded in Defendant TD Bank USA, N.A.'s Response to Plaintiff's Request for Production (July 10, 2023).
 As TD's response stated, "'TD' means Defendant TD Bank USA, N.A., and includes its credit-card servicer Target Enterprise, Inc." (Target Enterprise, Inc., is now known as Target Enterprise Services, Inc., on whose behalf I am making these objections.) So for any category as to which TD responded that "TD will produce copies of the requested documents or electronically stored information," TD includes Target, and has already produced all the responsive documents in Target's possession, custody, or control.

5. The duplicative request for documents subjects Target as a nonparty to an undue burden. Target already participated in TD's responses to Mr. Solis's discovery requests. Since Target is TD's servicer, Target and TD are in privity, and any relevant document or other information in Target's possession, custody, or control is also in TD's control. There is no relevant document or other information that Mr. Solis can get from Target that he can't get by asking TD directly.

6. Target adopts, and TD reasserts, TD's objections in Defendant TD Bank USA, N.A.'s Response to Plaintiff's Request for Production (July 10, 2023).

7. Target and TD object to the category "[c]opies of all communications between Target and TD Bank in connection with this litigation" because any such communications occurred between in-house counsel, and are therefore subject to the attorney–client privilege.

8. Target and TD object to the category "[c]opies of Target's training materials for all training imparted on any employee or contractor who reviewed Target's reporting of Plaintiff's TD Bank account(s) or investigated Plaintiff's disputes" because (a) it seeks information that is not relevant to any Party's claim or defense and whose discovery does not appear reasonably calculated to lead to the discovery of admissible evidence, (b) it is overly broad, and not proportional to the needs of the case, in that it is

not limited to Mr. Solis's account or disputes; and (c) it seeks confidential and proprietary commercial information.

As I have indicated in our recent email correspondence, when you served discovery requests on TD, TD's responses included everything that you could have gotten from Target. Asking for the information a second time from Target doesn't gain you anything that you didn't already get when you asked for it from TD, but it does duplicate both your effort and mine. My clients therefore object to the request to Target for production, and ask that you direct any such request to TD instead.

Please let me know if you have any questions.

Very sincerely yours,

Brian Melendez
Attorney for Defendant
    TD Bank USA, N.A., and
    its credit-card servicer
    Target Enterprise Services, Inc.